1  RICK D. NAVARRETTE (CA Bar No. 122653)
   rnavarrette@AlvaradoSmith.com
2  T. MATTHEW HANSEN (CA Bar No. 231057)
   mhansen@AlvaradoSmith.com
3  ALVARADOSMITH
   A Professional Corporation
4  633 W. Fifth Street, Suite 1100
   Los Angeles, CA 90071
5  Tel:  (213) 229-2400
   Fax:  (213) 229-2499
6
   JOSEPH R. DAWSON (Pro Hac Vice)
7  pleadings@jdawson-law.com
   LAW OFFICES OF JOSEPH R. DAWSON, P.A.
8  107 Southwest Sixth Street
   Fort Lauderdale, FL  33301
9  Telephone: (954) 467-2100
   Facsimile: (754) 223-5534
10
   Attorneys for Defendants
11 Action Immigration Bonds and Insurance
   Services, Inc., Action International
12 Insurance, Inc. and Bankers Insurance
   Company
13

NOTE: CHANGES HAVE BEEN
MADE TO THIS DOCUMENT

¶ 7.c.

14                    **UNITED STATES DISTRICT COURT**

15                   **CENTRAL DISTRICT OF CALIFORNIA**

16

17 GONZALES & GONZALES BONDS
   AND INSURANCE AGENCY, INC., a
   California Corporation,
18
                         Plaintiff,
19
20 v.

21 ACTION IMMIGRATION BONDS AND
   INSURANCE SERVICES, INC., a
22 Florida Corporation, ACTION
   INTERNATIONAL INSURANCE, INC.,
23 a Florida Corporation, and BANKERS
   INSURANCE COMPANY, a Florida
24 Corporation,

25                       Defendant.

26

27

28

**CASE NO.: 2:13-cv-06997-PA-MRW**

**JUDGE:**    Hon. Percy Anderson

**DISCOVERY MATTER**

**STIPULATION FOR PROTECTIVE ORDER**

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

1
STIPULATION FOR PROTECTIVE ORDER

3945160.2 -- L706.1

1  **I.    PURPOSE AND LIMITATIONS**

2       WHEREAS disclosure and discovery activity in this action is likely to involve

3  production of confidential, proprietary, or private information for which special

4  protection from public disclosure and from use for any purpose other than

5  prosecuting, defending, or attempting to settle this litigation (the "Litigation") may be

6  warranted.  Accordingly, Defendants Action Immigration Bonds and Insurance

7  Services, Inc., Action International Insurance, Inc., and Bankers Insurance Company

8  (collectively, "Defendants"), and Plaintiff Gonzales & Gonzales Bonds and Insurance

9  Agency, Inc. ("Plaintiff") ("Plaintiff" and "Defendants" may be referred to as a

10  "Party" or as the "Parties"), through their respective attorneys of record, agree and

11  stipulate to and petition the Court to enter the following Stipulated Protective Order.

12  The Parties acknowledge that this Order does not confer blanket protections on all

13  disclosures or responses to discovery that is not otherwise discloseable, and that the

14  protection it affords from public disclosure and use extends only to the information or

15  items that are entitled to confidential treatment under applicable legal principles.  The

16  Parties further acknowledge that the Federal Rules of Civil Procedure and Local

17  Central District Rule 79-5 shall set forth the procedures that must be followed when a

18  Party seeks permission from the Court to file material under seal.

19       Accordingly, IT IS HEREBY ORDERED that the terms and conditions of this

20  Order shall govern the handling of discovery materials in the Litigation:

21       This Protective Order shall govern and be applicable to the handling of

22  documents, depositions, deposition exhibits, interrogatory responses, responses to

23  request for admissions, responses to request for production of documents, and all

24  other discovery or materials contemplated under the Federal Rules of Civil Procedure

25  which are designated as containing confidential Material, as that term is defined

26  herein, and is furnished to any Party by any Party in connection with this Litigation.

27  This Protective Order has been agreed to by the Parties to facilitate discovery and the

28  production of relevant evidence in this litigation.  Neither the entry of this Protective

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

2
STIPULATION FOR PROTECTIVE ORDER
3945160.2 -- L706.1

1  Order, nor the designation of any information or document as confidential Material, as

2  that term is defined herein, nor the failure to make such designation, shall constitute

3  evidence with respect to any issue in this litigation.

4  **II.    DEFINITIONS**

5         1.     The term "Challenging Party" shall mean and include a Party that

6  challenges the designation of information or items under this Order.

7         2.     The term "Confidential Information" shall mean and include information

8  contained or disclosed in any materials, including documents, portions of documents,

9  answers to interrogatories, responses to requests for admissions, deposition testimony,

10 and depositions, including data, summaries, and compilations derived therefrom that a

11 Party believes in good faith to be a trade secret or other confidential research,

12 development, or commercial information, as such terms are used in Rule 26(c)(1)(G)

13 of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule

14 26(c)(1)(G) or the former Rule 26(c)(7).

15        3.     The term "Confidential – Attorneys'/Experts' Eyes Only" shall mean and

16 include all information (regardless of how it is generated, stored or maintained) or

17 tangible things that the Designating Party asserts in good faith (1) to be a trade secret

18 or other confidential research, development, or commercial information, as such terms

19 are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and any

20 applicable case law interpreting Rule 26(c)(1)(G) or the former Rule 26(c)(7), and (2)

21 may only be disclosed to those listed in Section IV.6.d., below.

22        4.     The term "counsel" shall mean outside counsel of record, and other

23 attorneys, paralegals, secretaries, and other support staff employed in the law firms

24 identified below:  AlvaradoSmith, APC, Roxborough, Pomerance, Nye & Adreani,

25 LLP, and the Law Offices of Joseph R. Dawson, P.A.  The term "counsel" shall not

26 include attorneys who are employees of a Party to this action, or are affiliated with a

27 law firm which has appeared on behalf of that Party.

28

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

STIPULATION FOR PROTECTIVE ORDER

3945160.2 -- L706.1

5. The term "<u>Designating Party</u>" shall mean and include a Party that designates information or items that it produces in disclosures or in response to discovery, and has identified as either "Confidential" or "Confidential – Attorneys'/Experts' Eyes Only."

6. The terms "<u>Disclosure or Discovery Material</u>" shall mean and include all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or response to discovery in this matter.

7. The term "<u>Expert</u>" shall mean and include a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

8. The term "<u>Producing Party</u>" shall mean and include a Party that produces Disclosure or Discovery Material in this action.

9. The term "<u>Professional Vendors</u>" shall mean and include all persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

10. The term "<u>Protected Material</u>" shall mean and include any and all Disclosure or Discovery Material that is designated as "Confidential" or "Confidential - Attorneys'/Experts' Eyes Only."

11. The term "<u>Receiving Party</u>" shall mean and include a Party that receives Disclosure or Discovery Material from a Producing Party.

## III. SCOPE

The protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of

STIPULATION FOR PROTECTIVE ORDER
3945160.2 -- L706.1

this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

## IV.   GENERAL RULES

Designating Material for Protection. A Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party shall designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not included within the ambit of this Order.  If it comes to the Designating Party's attention that information or items that are designated for protection do not qualify for protection, that Designating Party must promptly notify the Receiving Party that it is withdrawing the mistaken designation.

1.      Manner and Timing of Designations.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

2.      Designation in conformity with this Order requires:

a.      for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial proceedings), that the Producing Party affix the legend "Confidential" or "Confidential – Attorneys'/Experts' Eyes Only" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

b.      for testimony given in deposition or in other pretrial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days from receipt of the transcript to identify the specific portions of the testimony as to which protection is sought.  Only those portions of the testimony that are appropriately designated for protection within the 20 days from receipt of the transcript shall be covered by the provisions of this Stipulated Protective Order.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.  Additionally, the Designating Party shall have the right to exclude from attendance at said deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), and the court reporter.

c.      for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential" or "Confidential - Attorneys'/Experts' Eyes Only."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion or portions.

3.      All Confidential Information designated as "Confidential" or "Confidential - Attorneys'/Experts' Eyes Only" shall not be disclosed by the receiving Party to anyone other than those persons designated herein and shall be handled in the manner set forth in this Protective Order and, in any event, shall not be used for any

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

6
STIPULATION FOR PROTECTIVE ORDER

3945160.2 -- L706.1

purpose other than in connection with this litigation, unless and until such designation

is removed either by agreement of the Parties, or by order of the Court.

4.      With respect to material designated "Confidential" or "Confidential - Attorneys'/Experts' Eyes Only," any person indicated on the document to be its originator, author or a recipient of a copy thereof, may be shown the same.

5.      All information which has been designated as "Confidential - Attorneys'/Experts' Eyes Only" by the Producing or Designating Party, and any and all reproductions thereof, shall be retained in the custody of the counsel for the Receiving Party, except that independent experts authorized to view such information under the terms of this Protective Order may retain custody of copies such as are necessary for their participation in this litigation.

6.      ACCESS TO AND USE OF PROTECTED MATERIAL

a.      Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 20 below (FINAL DISPOSITION).

b.      Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

c.      Disclosure of "Confidential" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to:

i.      the Receiving Party's Counsel of Record in this action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

1          ii.      the officers, directors, and employees of the Receiving Party

2    to whom disclosure is reasonably necessary for this litigation;

3

4          iii.     Experts (as defined in this Order) of the Receiving Party to

5    whom disclosure is reasonably necessary for this litigation;

6

7          iv.      the court and its personnel;

8

9          v.       court reporters and their staff, professional jury or trial

10   consultants, mock jurors, and Professional Vendors;

11

12         vi.      during their depositions, witnesses in the action to whom

13   disclosure is reasonably necessary; and

14

15         vii.     the author or recipient of a document containing the

16   information or a custodian or other person who otherwise possessed or knew the

17   information.

18

19         d.       Disclosure of "Confidential - Attorneys'/Experts' Eyes Only"

20   Information or Items.  Unless otherwise ordered by the court or permitted in writing

21   by the Designating Party, Protected Material designated "Confidential -

22   Attorneys'/Experts' Eyes Only" may only be disclosed to:

23         i.       the Receiving Party's Counsel of Record in this action, as

24   well as employees of said Counsel of Record to whom it is reasonably necessary to

25   disclose the information for this litigation;

26

27         ii.      Experts (as defined in this Order) of the Receiving Party to

28   whom disclosure is reasonably necessary for this litigation;

STIPULATION FOR PROTECTIVE ORDER
3945160.2 -- L706.1

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

1            iii.     the court and its personnel; and

2

3            iv.     the author or recipient of a document containing the

4    information or a custodian or other person who otherwise possessed or knew the

5    information.

6

7    7.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

8            a.     Timing of Challenges.  Any Party may challenge a designation of

9    confidentiality at any time.  A Party does not waive its right to challenge a

10   confidentiality designation by electing not to mount a challenge immediately after the

11   original designation is disclosed.

12           b.     Meet and Confer.  The Challenging Party shall initiate the dispute

13   resolution process by providing written notice of the designations it is challenging and

14   describe the basis for its challenge.  The Parties shall attempt to resolve each

15   challenge in good faith and must begin the process by conferring directly (in voice to

16   voice dialogue; other forms of communication are not sufficient) within 7 days of the

17   date of service of notice.  In conferring, the Challenging Party should explain the basis

18   for its belief that the confidentiality designations were not proper and must give the

19   Designating Party an opportunity to review the designated material, to reconsider the

20   circumstances, and, if no change in designation is offered, to briefly explain the basis

21   for the chosen designation.

22           c.     Judicial Intervention.  If the Parties cannot resolve a challenge

23   without court intervention, the Designating Party shall file and serve a motion **that**

24   **complies in full with the joint discovery motion practice under Local Rule 37** (and

25   in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial

26   notice of challenge or any later date mutually agreed to in writing by the Challenging

27   Party and Designating Party. Each such motion must be accompanied by a declaration

28   affirming that the movant has complied with the meet and confer requirements

9

STIPULATION FOR PROTECTIVE ORDER

3945160.2 -- L706.1

1   imposed in the preceding paragraph.  Failure by the Designating Party to make such a

2   motion including the required declaration within the applicable time period, unless

3   excused by the Court, shall automatically waive the confidentiality designation for the

4   challenged designations.  In addition, the Challenging Party may file a motion

5   challenging a confidentiality designation at any time if there is good cause for doing

6   so, including a challenge to the designation of a deposition transcript or any portions

7   thereof.  Any motion brought pursuant to this provision must be accompanied by a

8   competent declaration affirming that the movant has complied with the meet and

9   confer requirements imposed by the preceding paragraph.

10       8.     Unless the Designating Party has waived the confidentiality designation

11   by failing to file a motion to retain confidentiality as described above, all Parties shall

12   continue to afford the material in question the level of protection to which it is entitled

13   under the Designating Party's designation until the court rules on the challenge.

14       9.     Nothing herein shall prejudice the right of any Party to object to the

15   production of any discovery material on the grounds that the material is protected as

16   privileged or as attorney work product.

17       10.     Nothing in this Protective Order shall bar counsel from rendering advice

18   to their clients with respect to this litigation and, in the course thereof, relying upon

19   any information designated as "Confidential - Attorneys'/Experts' Eyes Only,"

20   provided that the specific contents of the information shall not be disclosed.

21       11.     This Protective Order shall be without prejudice to the right of any Party

22   to oppose production of any information for lack of relevance or any other ground

23   other than the mere presence of Confidential Information.  The existence of this

24   Protective Order shall not be used by any Party as a basis for discovery that is

25   otherwise improper under the Federal Rules of Civil Procedure.

26       12.     Nothing herein shall be construed to prevent disclosure of Confidential

27   Information if such disclosure is required by law or by order of the Court.

28

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

STIPULATION FOR PROTECTIVE ORDER
3945160.2 -- L706.1

13.     The inadvertent failure to designate Confidential Information as "Confidential" or "Confidential – Attorneys'/Experts' Eyes Only" does not constitute a waiver of such claim and may be remedied by prompt supplemental written notice upon discovery of the inadvertent disclosure, with the effect that such Confidential Information will be subject to the protections of this Protective Order.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

14.     If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "Confidential" or "Confidential - Attorneys'/Experts' Eyes Only," that Party must:

a.     promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

b.     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

c.     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

15.     If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "Confidential" or "Confidential - Attorneys'/Experts' Eyes Only" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

16.     Confidential Information shall not be disclosed to any outside experts or consultants who are current employees of a direct competitor of any of the Parties, or

STIPULATION FOR PROTECTIVE ORDER

3945160.2 -- L706.1

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

1   affiliated entities, named in the Litigation.  With respect to outside experts or

2   consultants who were employed by a direct competitor of any of the Parties named in

3   the Litigation within one (1) year from the date of this Protective Order, Confidential

4   Material may be shared with those experts or consultants only after counsel for the

5   opposing Parties in this Litigation are given at least twenty (20) days prior written

6   notice of the identity of the expert or consultant to whom such Confidential

7   Information is to be disclosed (including his or her name, address, current job title and

8   the names of any direct competitors by which he has been employed), are afforded an

9   opportunity to object to the disclosure of the Confidential Information, and a

10  resolution to any such objection has been reached.  Notwithstanding the above

11  paragraph 6, Confidential Information may be provided to experts or consultants only

12  for the purpose of aiding, assisting, or allowing such expert or consultant to prepare a

13  written opinion, to prepare to testify, or to assist counsel for a party in this Litigation.

14          17.    Without written permission from the Producing Party or a court order, a

15  Party may not file in the public record in this action any Confidential Information.

16  The Parties shall comply with Local Rule 79-5 when seeking to file Confidential

17  Information under seal. If a Receiving Party's request to file Protected Material under

18  seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party

19  may file the information in the public record unless otherwise instructed by the court.

20          18.    Agreeing to be bound by this Protective Order, agreeing to, producing or

21  receiving Confidential Information, or otherwise complying with the terms of this

22  Order shall not:

23          a.     Prejudice in any way the rights of the Parties to object to the

24  production of documents they consider not subject to discovery, or operate as an

25  admission by any Party that the restrictions and procedures set forth herein constitute

26  adequate protection for any particular information deemed by any Party to be

27  Confidential Information;

28

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

12
STIPULATION FOR PROTECTIVE ORDER

3945160.2 -- L706.1

b.      Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

c.      Prejudice in any way the rights of a Party to seek a determination by the Court whether any Confidential Information should be subject to the terms of this Order;

d.      Prejudice in any way the rights of a Party to petition the Court for a protective order relating to any purportedly confidential information; or

e.      Prevent a Disclosing Party from authorizing disclosure of its own Confidential Information to any Party

19.     <u>Use of Protected Material at Trial</u>. Any use of Protected Material at trial shall be governed by a separate agreement or order.

20.     FINAL DISPOSITION

a.      Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

b.      Within 60 days after the final disposition each Receiving Party must destroy all Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.

21.     Transmission by email is acceptable for all notification purposes herein.

22.     The recipient of any Confidential Information that is provided under this Protective Order shall maintain such information in a reasonably secure and safe manner that ensures that access is limited to the persons authorized under this Order.

STIPULATION FOR PROTECTIVE ORDER

3945160.2 -- L706.1

ALVARADO**S**MITH
A PROFESSIONAL CORPORATION
LOS ANGELES

23. This Protective Order may be modified by agreement of the Parties, subject to approval by the Court.

24. The Court may modify the terms and conditions of this Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The Parties prefer that the Court provide them with notice of the Court's intent to modify the Protective Order and the content of those modifications, prior to entry of such an order.

IT IS SO STIPULATED:


Dated: September 10, 2014                    Dated:  September 10, 2014

ROXBOROUGH, POMERANCE,                       ALVARADOSMITH
NYE & ADREANI, LLP                           A Professional Corporation


/s/ Gary A. Nye                              /s/ Rick D. Navarrette
GARY A. NYE                                  RICK D. NAVARRETTE
DAVID R. GINSBURG                            T. MATTHEW HANSEN
Attorneys for Plaintiff                      Attorneys for Defendants
Gonzales & Gonzales Bonds and                Action Immigration Bonds and
Insurance Agency, Inc.                       Insurance Services, Inc., Action
                                             International Insurance, Inc. and
                                             Bankers Insurance Company

14
STIPULATION FOR PROTECTIVE ORDER

# [PROPOSED] ORDER

The parties' Stipulation for Protective Order is approved and in effect **as modified by the Court**.

IT IS SO ORDERED.

Dated: September 11, 2014

_____

Hon. Michael R. Wilner
United States Magistrate Judge

ALVARADOSMITH
A PROFESSIONAL CORPORATION
LOS ANGELES

15
STIPULATION FOR PROTECTIVE ORDER

3945160.2 -- L706.1

1

2

## **CERTIFICATE OF SERVICE**

3

I hereby certify that that on this 10th day of September, 2014, a true and correct

4

copy of the foregoing **STIPULATION FOR PROTECTIVE ORDER** was

5

electronically filed with the Clerk of the Court using the CM/ECF system which will

6

send notification of such filing to the following:

7

8      Rick D. Navarrette
       rnavarrette@AlvaradoSmith.com
9      T. Matthew Hansen
       mhansen@AlvaradoSmith.com
10
       Alvarado Smith, A Professional Corporation
11     633 W. Fifth Street, Suite 1100
       Los Angeles, CA 90071
12

13     Joseph R. Dawson (Pro Hac Vice)
14     pleadings@jdawson-law.com
       Law Offices of Joseph R. Dawson, P.A.
15     107 Southwest Sixth Street
       Fort Lauderdale, FL  33301
16

17     Attorneys for Defendants
18     Action Immigration Bonds and Insurance Services, Inc.,
       Action International Insurance, Inc.
19     and Bankers Insurance Company

20

21

22                                    s/ Elia Ramirez

23

24

25

26

27

28

STIPULATION FOR PROTECTIVE ORDER

3945160.2 -- L706.1